---

## GUMM v. METZ ET AL.

Where the bill of exceptions on appeal from the county court is merely a statement of the proceedings, not signed by the county judge, it does not form a part of the record, and cannot be considered.

*Error to County Court of El Paso County.*

Mr. IANTHUS BENTLEY, for plaintiff in error.

Mr. J. L. WILLIAMS, for defendants in error.

BECK, C. J. The plaintiff in error brought an action against the defendants in error, before a justice of the peace of El Paso county, in February, 1883, laying her damages at $75. Upon the trial she recovered judgment against the defendants for the sum of $15 and costs of suit. Defendants thereupon appealed to the county court. A trial was had in the month of March following, before the county judge, a jury being waived, who rendered judgment in favor of the defendants for the sum of $1 and costs of suit. The plaintiff has brought the cause here by writ of error, and has assigned sundry errors alleged to have been committed by the court below in the rendition of said judgment, none of which we are able to review upon the record presented, for the following reasons:

1. We cannot review the cause upon the testimony, for the reason that what purports to be a bill of exceptions is merely a statement of the proceedings as pre-

pared by the plaintiff's counsel. It is not signed by the county judge, and does not even appear to have been presented to him for his signature. No one appears to have had anything to do with it but the plaintiff's attorney. It therefore forms no part of the record and cannot be considered.

2. The cause having been originally commenced before a justice of the peace, there are no written pleadings from which we might learn the nature of the issues presented for trial. Neither is there any statement of the nature of the injury for which damages were claimed by the plaintiff, either in the transcript sent up by the justice to the county court, or in the transcript of proceedings had in the latter court. The transcript from the justice's court shows the cause to have been docketed "in *assumpsit* for trespass. Damages demanded, $75." Following this entry is the statement: "The plaintiff claims of the above named defendants the sum of $75 for damages."

No error appearing of record affording ground for the reversal of the judgment, it will be affirmed.

*Affirmed.*